# CURRENT COURT OF APPEALS--Continued

## No. 677
### LEVY v. LEVY OVERALL MANUF. CO.
Ohio Appeals, First District, Hamilton County
Nos. 2150, 2151.  Decided May 28, 1923

This opinion has not been published except in Abstract.

**126. COURTS.**

On appeal the Court of Appeals is not bound by an agreed statement of facts but additional evidence (172) may be offered.

**115. CORPORATIONS.**

Preferred stock holder of insolvent corporation may not be paid until all liabilities are taken care of.  Same is true of corporation upon dissolution.

HAMILTON, J.

### Epitomized Opinion

April 13, 1922, Levy, by petition, asked for appointment of receiver for Overall Co.  The court appointed a receiver and made the finding that the Company was solvent.  Later, however, due to insolvency, the affairs of the Company were wound up and assets sold.  Before the receivership, namely on Feb. 27, 1922, directors voted to purchase 30 shares of the preferred stock owned by C. S. Iglauer at $89 per share and to issue three promisory notes each for one-thtird of the purchase price payable in six, twelve and eighteen months.  Oct. 10, 1922, Iglauer by motion asked the court for an order allowing her claim based on the notes on a parity with the general creditors.  The court granted the motion.  The receiver and the Second National Bank, one of the largest creditors, excepted to the judgment and filed this appeal.  Iglauer urged that inasmuch as the articles of incorporation provided for the retirement of not less than $10,000 of preferred stock each year, the articles created a contractual relation and the arrangement with Iglauer was but carrying out that contract.  Receiver and Bank urged that by Sec. 8671 GC. on the insolvency or dissolution of corporation, the holders of preferred stock shall not be paid until the liabilities are paid off.

Iglauer contended that this section of the statute could not be read into the contract because the finding of the trial court that the Company was solvent at the time of the appointment of the receiver is res judicaa of that question and the motion was submitted to the trial court on an agreed statement of facts an dthis court is precluded from considering any evidence outside of the agreed statement of facts.  The directors on Feb. 27, after voting to purchase the Iglauer stock, endorsed the action of the officers of the Company in arranging with a substantial part of the merchandise creditors to settle the indebtedness on a basis of 50%.  In reversing the judgment and postponing the rights of Iglauer to the payment of the debts of the Company, the Court of Appeals held:

1. The Court of Appeals is not bound on appeal by the agreed statement of facts but additional evidence may be intorduced, 102 OS. 248.

2. As to the finding of the lower court that the Company was solvent, the rule of res judicata is that a judgment of a court of competent jurisdiction upon a question necessarily involved in the suit, is conclusive in a subsequent suit between the same parties depending on the same question (12 OS. 11); and as the solvency of the corporation was not involved in the original suit and there were not the same parties this court is not bound by the holding of the lower court, and the conclusion is that the Company was insolvent.  Therefore,

Iglauer's claim must come after those of general creditors.

**Attorneys**—Moulinier, Bettman & Hunt, for Iglauer, C. M. Leslie, for Second National Bank: Burch & Peters and Bolsinger, Kuhn & Benham, for Receiver.

## No. 678
### TUCHFARBER v. GRAUSE
Ohio Appeals, 1st District, Hamilton County
No. 2015.  Decided May 28, 1923

This opinion has not been published except in Abstract.

**145. DEEDS.**

**Cancellation** of:  Clear and convincing evidence (172) is required to set aside a deed on the ground of undue influence and mental infirmity—Preventation of publication o ftransfer of property not indicia of fraud (95).

Cushing, Buchwalter and Hamilton

PER CURIAM:

### Epitomized Opinion

Action for cancellation of deed, accounting and partition.  Appeal from Hamilton Common Plea Mrs. Jaspers was the mother of eight children a became a widow in 1906.  For many years she lived with her two daughters Mrs. Grause and Mrs. Crowthers.  The latter. in 1913, moved away and Mrs. Grause lived with her mother until her death. In 1917, when Mrs Jasper was 83 years old, she executed a deed of her real estate, valued at $4,750, to Mrs. Grause.  This action is by the remaining children and their heirs to cancel the deed on the grounds that the grantor was mentally infirm and the grantee exercised undue influence.  The Court of Appeals in affirming the judgment, refusing a decree of cancellation, held:

1. An examination of the record shows that Mrs. Jaspers was of sound mind and under no undue influence.

2. To set aside a deed clear and convincing evidence is required.  75 OS. 291.

3. It was not indicative of fraud to prevent any publication of the transfer of the property in the daily papers, so as to place the burden on the grantee to show affirmatively the transaction was fair and open.  80 OS. 232. 241.

**Attorneys**—Williams & Ragland and W. W. Be for Tuchfarber; A. Murdock, for Grause.